This case will be. sufficiently understood, .from the opinion delivered in the Court of Appeals, which is as follows :
JóhnsÓN, J.
The difficulties in-this case appear to me to arise rather out of the manner of stating it, than the principles involved; and to put that matter right, it will only be necessary to go as far back as the decree of the Court of Appeals of May Term, 1822, which, as res judicata, concludes all matters involved, in it. That decree is founded on a bill filed by the complainant and others, creditors of Paul Michau, against the defendant and others, praying that certain land, mortgaged by him to secure the payment of their debts, should be sold to satisfy them. The decree of the Circuit Court orders the land, to be sold on a credit of one, two and three years, the purchaser giving bond and personal security, and a mortgage of the premises ; but the parties, being dissatisfied about the manner in which the fund was ordered to be distributed, carried the cause up to the Court of Appeals, and, by the decree of that Court, before alluded to, they were ordered to be distributed in the following manner : viz., two-fifteenths to the defendants in this proceeding, Perdriau and wife; three-fifteenths to William J. Buford and wife; and the remaining ten-fifteenths to be paid to the plaintiff and the other creditors, according to their legal priorities, if the fund should be deficient. The land was accordingly' sold, and purchased by Robert F: Withers, for $22,000 ; but he neither gave bond and security or mortgage. Withers afterwards purchased up the claim of Buford and. wife, and paid off the oldest mortgage to Butler, leaving the amounts *224 due to these parties, and a junior mortgage to the Winyaw Indigo Society, unpaid. At February Term, 1825, a rule was obtained, at the instance of the present complainant, against Withers, requiring him to show cause why the terms pf sale had not been complied with ; and, on the return of that rule, an order was made, by consent, giving him further time of payment, on condition of his paying to complainant the proceeds of one hundred barrels of rice, and giving bond and security, and mortgage of the premises. The Commissioner reports, that on the 25th May, 1825, Withers'paid him §1,743 52, the proceeds of one hundred barrels of ricej and that he immediately paid it over to complainant. But he utterly neglected to give bond and security, and a mortgage,- as required, and at February Term, 1827, a further order was obtained, directing the re-sale of the land, on his account and risk; and at this sale it brought only §8,010, a sum far short of what was due to the complainant, on account of his debt, and to the defendants, on account of their two-fifteenths of the first sale. Withers is since dead, and his estate utterly insolvent. And, in point of principle, the only question is, whether, in apportioning this sum between these parties, the sum before received by the complainant is to be taken into the account. If it is, then it follows that the amount of the last sale, and the sums received by complainant, constitute the fund to be apportioned, and the plaintiff will be charged with the amount he has received. If not, the defendants are entitled to two-fifteenths of §8,010, the amount of the last sale, and no more.
I did not understand the plaintiff’s counsel to insist, that, regarding the payment of the §1,743 52 to have been voluntary, by Withers, to the Commissioner, and by him paid over to the complainant, he would have been entitled to retain it, without bringing it into the account; but that, in point of fact, the payment was made by Withers directly to the "complainant, or, at any rate, that it was so in effect, as it was paid under an arrangement made with him, to which the defendants were not parties, and it does appear that they remained entirely *225 passive, and took no part in any of these proceedings. But, admitting all this to be true, and that the money was paid by Withers directly to the complainant, I cannot perceive how that would vary the case. The debt due by Withers was, in effect, a common fund, out of which the parties were entitled to be paid their respective demands, and if it proved deficient; I take it that, on the plainest principles of common justice, the loss must be apportioned between them, in the ratio of their respective demands; and, having fixed that principle, the question is, what is the loss? Surely, not the money received by the plaintiff, for that is so much received from the common fund, and properly appropriated towards the satisfaction of the complainant’s demand, and there is no reason why it should be regarded as a loss. The correctness of this view may be further tested, by supposing that the complainant had already received two-thirds of his debt, and that the balance due would cover thirteen-fifteenths of the proceeds of the last sale, and it is obvious according to the principle contended for, the complainant would receive his whole demand, and the defendant would lose more than one-half of his, in direct violation of the principle before laid down.
It is claimed for the complainant, that he has a right to retain the amount received by him, without accounting for it, on the ground that it was so much obtained and saved to the common fund by his own diligence, without fST^aid or co-operation of defendants. Regularly, all sums paid into the Commissioner’s office — and such, according to the Commissioner’s report, was the fact here — ought to have been distributed amongst all entitled, in the proportion of their respective demands; and if this had been an application to compel the complainant to refund a part of what he had received, there possibly might have been some merit in this claim. But the complainant has had the full benefit of the rule for which he contends, in being permitted to be preferred to the extent of the amount which he has so received ; but that furnishes no reason why he should not account for that amount. His claim is necessarily diminished to that *226 extent. . I am, therefore, very clearly of opinion, that in apportioning th,e proceeds of the -last s.ale, the Commissioner was' right -in debiting the complainant with the amount received by him, whether directly from Withers, or through the Commissioner. ■ .
It is- claimed, also, for the complainant, that Buford and wife, and the representatives of Butler, the mortgagee, ought to have been made parties to this proceeding, and. compelled to bring into the common fund, for distribution, what they also have received from Withers. If they had come in to claim any share of the fund in Court, they would have been precisely in-the situation of the complainant,- and, for the same reason, would have been obliged to have accounted for what they had received. But I do not know on what, principle they can be compelled to bring it in, when they claim nothing, especially as they have not broken in upon the security, (the land.) Their having obtained payment from other sources, and now claiming nothing, is rather a benefit than a detriment to these parties. .
On a]l the grounds made by the complainant, his motion must fail, and, thus far, the decree of the Circuit Court is. affirmed.
The general ground taken, on the part of -the ’defendant} is, founded on the certificate of .the Commissioner, dated'on the 2d February last, since the trial below, in which he states that the further sum of $5,050 had been paid by Withers ■ to the complainant’s solicitor, on acco.unt of this demand, and that, by mistake, he omitted to include it in his report.
This is controverted here, and the Court are- not. at liberty to award judgment upon the mere certificate of. the Commissioner. But, if it be true, the complainant ought, on the principle before laid down, to account for that sum also. It is but just, therefore, that the defendant should have an'opportunity of investigating the matter,.especially as it purports to be an error of the Commissioner, in relation to a matter about which the'defendant could not be supposed to be informed. It is, therefore, ordered and decreed, that it be referred to the Commissioner, to ascertain *227 if the said sum of $5,050 was paid by the said Withers, on ac* count of the complainant’s demand, herein before stated ; and, if it should have been so paid, that the complainant’s said demand be credited also with that amount, as of the day on which it was paid, and upon the principles of this decree.
O’Neall, J., concurred.

Decree modified.